IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA DEW )<br>)<br>Individually, and on Behalf of All )<br>Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORECIVIC, INC., )<br>)<br>A Maryland Corporation )<br>)<br>Defendant. )<br>_____ ) | Case No. _____<br>**Collective Action Complaint** |

## COLLECTIVE ACTION COMPLAINT

Defendant CORECIVIC, INC., improperly forced Plaintiff and others similarly situated, to work "off the clock" when arriving to and returning from work. As a result, Plaintiff and potential class members have not been paid accurately for the time they worked, resulting in substantially less overtime pay to these workers. Plaintiff Joshua Dew, on behalf of himself and all others similarly situated, known and unknown, through the undersigned, files this Complaint against CORECIVIC, INC., ("Defendant"), and state as follows:

## NATURE OF THE ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA") for Defendant's failure to pay Plaintiff and similarly situated individuals all earned overtime wages, and failure to compensate Plaintiffs and other similarly-situated persons for all time worked.

1

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction in this matter because Plaintiff bring his FLSA overtime claims on his own behalf and on behalf of others similarly situated as a collective action pursuant to 29 U.S.C. §216(b).

3. The state of Maryland has personal jurisdiction in this matter because Defendant is incorporated under the laws of this State.

4. Venue is proper in the District of Maryland because Defendant corporation is incorporated in this state, and therefore a resident of this state, susceptible to suit in this venue.

## PARTIES

5. Named Plaintiff Joshua Dew resides in Crawford County, Pennsylvania. Plaintiff worked for Defendant within the past three years.

6. Potential Plaintiffs (referred to as "FLSA Class Members") are similarly situated individuals who were employed or are currently employed by Defendant across the country as correctional officers, prison guards, or other similarly titled positions, during the statutory period. FLSA Class Members all shared similar job tasks, job responsibilities, compensation plans, job descriptions, job titles, and were all classified as not exempt from overtime.

7. Defendant is a public corporation organized under the laws of Maryland and may be served with process through tits registered agent The Corporation Trust Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland, 21093-2264.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of §203(s)(1) of the FLSA because Defendant has had and continue to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

10. At all material times, Plaintiff and the FLSA Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

11. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

## FACTUAL ALLEGATIONS

12. Plaintiff Joshua Dew worked as an hourly, non-exempt, correctional officer for Defendant at its correctional facility in Conneaut, Ohio from 2014 to October 2016.

13. Defendant is a company that provides private prison services across the U.S. In fact, Defendant manages more than 65 state and federal correctional and detention facilities with a capacity of more than 90,000 beds in 19 states and the District of Columbia. Defendant employs thousands of correctional officers nationwide to service these facilities.

14. The core job duty of the correctional officers is to manage and oversee the inmate population at these centers.

15. Given the nature of the business, Defendant's facilities are secured by locked doors and metal detectors.

16. The correctional officers wear a uniform and are equipped with handcuffs, pepper spray, and radio.

17. Plaintiff and the FLSA Class Members worked as correctional officers for Defendant.

18. They were classified as non-exempt and paid an hourly rate.

19. When they worked more than forty hours in a workweek, they were entitled to overtime pay.

20. Unfortunately, Defendant set up a pay structure that was designed to deny Plaintiff and the FLSA Class Members compensation for all hours worked.

21. In particular, before Plaintiff and the FLSA Class Members were allowed to clock-in and record their time for purposes of being paid, they were required to walk through a metal detector and several security doors. The same metal detector that the general public used was the same metal detector that Plaintiff and the FLSA Class Members were required to use.

22. Usually when the Plaintiff and FLSA Class Members reported to their shifts, there were long lines formed through the metal detector, through the security doors, and into the briefing room. Plaintiff and the FLSA Class Members stand in line with members of the general population.

23. Afterward, Plaintiff and the FLSA Class Members were required to wait in line at a separate equipment booth to be assigned their pepper spray.

24. After being assigned their pepper spray, they then have to attend a pre-shift briefing in the "briefing room." This briefing discusses what occurred during the prior shift, any new policies, and an update on the current proceedings at the facility. The pre-shift brief is conducted by the assigned captain for the shift. After the briefing is over, Plaintiff and the FLSA Class Members were then allowed to clock-in and begin their shift. The pre-shift briefing lasted approximately 15-30 minutes on average.

25. Plaintiff and the FLSA Class Members spent approximately 30 to 45 minutes on average standing in lines before getting to the briefing room.

4

26. The pre-shift activities identified above are not incidental activities for the Plaintiff and FLSA Class Members, this time is integral and indispensable to their principal activity and is compensable.

27. Although Defendant employed electronic "clocking in" technology, this technology was not made accessible to the Plaintiff and FLSA Class Members before they reached the "briefing room."

28. Rather than place the time clock at the entrance to the facility for the Plaintiff and FLSA Class Members to use or even after entering the security doors, Defendant placed the time clock inside its "briefing room" so that the Plaintiff and FLSA Class Members could only clock in after completing substantial pre-shift work.

29. After their shift was over and they had clocked out, the Plaintiff and FLSA Class Members had to stand in line to return their pepper spray. They also had to walk through the security lines before exiting the building.

30. Due to the substantial pre-shift and post-shift work, the Plaintiff and FLSA Class Members were not paid for all time worked each day.

31. The Plaintiff and the FLSA Class Members routinely and consistently worked over 40 hours in a week while performing their duties for Defendant.

32. Defendant knew, or showed reckless disregard for whether Plaintiff and the FLSA Class Members were entitled to be paid for all hours worked. In fact, Defendant knew the requirement to pay overtime to Plaintiff and FLSA Class Members but intentionally chose not to do so.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

34. Plaintiff has actual knowledge that the FLSA Class Members have also been denied proper overtime pay for hours worked over forty (40) hours in a workweek because of Defendant's scheme to force Plaintiff off the clock.

35. Plaintiff's knowledge is based on his personal work experience and through communications with other workers.

36. Other workers similarly situated to Plaintiff throughout the United States were also not paid the correct amount of overtime when Defendant's "off the clock" scheme caused them to lose one hour of paid work every day and caused their overtime calculations to drop.

37. Although Defendant permitted and/or required FLSA potential Plaintiffs to work more than forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40) through this improper policy of discounting their time.

38. Potential Plaintiffs are not exempt from receiving overtime pay under the FLSA.

39. As such, FLSA potential Plaintiffs are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

40. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any potential Plaintiff.

41. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the similarly situated potential Plaintiffs.

42. The specific job titles or precise job responsibilities of each FLSA potential Plaintiff does not prevent collective treatment.

43. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of

6

all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

44. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> **All current and former Correctional Officers, and all employees in substantially similar positions, classified as non-exempt during the three-year period before the filing of this Complaint to the present.**

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

46. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked more than forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

47. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA potential Plaintiffs (putative Class Members).

## DAMAGES SOUGHT

41. Plaintiff and the FLSA Class Members (potential Plaintiffs) are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

42. Plaintiff and the FLSA Class Members (potential Plaintiffs) are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

43. Plaintiff and the FLSA Class Members (potential Plaintiffs) are entitled to recover attorney's fees and costs. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

44. For these reasons, Plaintiff, on behalf of himself and the FLSA Class Members (potential plaintiffs), respectfully requests that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and FLSA Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ *Don J. Foty*
Don J. Foty
*Will apply for admission Pro hac Vice*
DFoty@kennedyhodges.com
Texas Bar No. 24050022
KENNEDY HODGES, L.L.P.
4409 Montrose Blvd, Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

&

By: /s/ *Anthony Lazzaro*
Anthony J. Lazzaro
Ohio Bar No. 0077962
*Will apply for admission Pro Hac Vice*
THE LAZZARO LAW FIRM, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000

8

Facsimile: 216-696-7005
anthony@lazzarolaw.com

&

By: /s/ *Kelly E. Cook*
Kelly E. Cook
Maryland Bar No. 16585
Wyly & Cook
4101 Washington Avenue, 2nd Floor
Houston, Texas 77007
T: [713] 236-8330 F: [713] 863-8502
kcook@wylycooklaw.com

*Attorneys for Plaintiff and Class Members*